IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAY DRAPER and VIRGINIA DRAPER Co-Administrators of the Estate of Jeffrey D. Draper, deceased, on behalf of the Estate of Jeffrey D. Draper,<br>              Plaintiffs,<br><br>                    v<br><br>THE CENTER FOR ORGAN RECOVERY AND EDUCATION,<br>              Defendant. | )<br>)<br>)<br>) 2:10-cv-181<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION AND ORDER OF COURT**

Pending before the Court is PLAINTIFFS' MOTION TO REMAND TO STATE COURT AND FOR ATTORNEYS' FEES AND COSTS (Document No. 9) with brief in support. Defendant The Center for Organ Recovery and Education ("CORE") filed a brief in opposition to the motion and Plaintiffs filed a reply brief (Document Nos. 11, 12). The motion is ripe for disposition.

Factual and Procedural Background

The underlying dispute involves the process applied in the allocation of a donated human liver for transplantation. The question before the Court is whether CORE may properly remove this case from state court to federal court. CORE contends that removal is proper under 28 U.S.C. §§ 1441 and 1442(a)(1). Plaintiffs contend that removal is improper and that this case should be remanded to the Pennsylvania state court.

Plaintiffs Jay and Virginia Draper are the co-administrators of the estate of their deceased son, Jeffrey D. Draper. Plaintiffs filed a lawsuit against CORE in the Court of Common Pleas of

Allegheny County, Pennsylvania under the state Wrongful Death Act and Survival Act. Plaintiffs are Pennsylvania residents and CORE is alleged to be a Pennsylvania non-profit corporation. In essence, Plaintiffs contend that CORE acted negligently by allocating a donated liver to a patient who was a lower priority on the waiting list than their son. Specifically, the Complaint alleges that: (1) CORE failed to run a "liver only" allocation list after a "multi-visceral" organ donation was declined and converted into a "liver only" donation; (2) had CORE prepared a "liver only" list, Jeffrey Draper would have received the donated liver; and (3) Jeffrey Draper died as a direct result of not having received this liver. Defendant CORE filed a timely notice of removal to this Court.

In 1984, Congress passed the National Organ Transplantation Act (NOTA), 42 U.S.C. § 273 et seq., to develop a national policy regarding organ transplantation. The law created the Organ Procurement and Transplantation Network (OPTN), which was mandated to be a "private, nonprofit entity." 42 U.S.C. § 274(b)(1)(A). The sole OPTN in the United States is United Network for Organ Sharing (UNOS), which is a Virginia non-profit corporation. UNOS has promulgated various policies and procedures concerning the procurement and allocation of organs. UNOS has also entered into agreements with various Organ Provider Organizations (OBOs), such as CORE. CORE is the exclusive OBO for western Pennsylvania, a large portion of West Virginia, and one county in New York. The operations and functioning of UNOS and the OBOs, including CORE, are subject to extensive federal regulations. 42 C.F.R. §§ 121, 486.

Legal Analysis

In *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009), the Court of Appeals explained: "Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand."

Further, the burden is on the removing party to demonstrate that jurisdiction is proper in this court. The Court will address CORE's contentions seriatim.

     A.     Removal Pursuant to Section 1441

CORE contends that removal is proper under 28 U.S.C. § 1441 (a) or (b) because this case falls within this Court's "original jurisdiction." In 28 U.S.C. § 1331, Congress provided that federal district courts shall have "original jurisdiction" over civil actions "**arising under** the Constitution, laws or treaties of the United States." (Emphasis added).

CORE recognizes that to determine jurisdiction, the "well pleaded complaint rule"[1] generally applies and that the Complaint in this case asserts only negligence claims cognizable under Pennsylvania state law. However, CORE argues that an exception to to the "well pleaded complaint rule" applies because the federal government has completely preempted the field of law which regulates organ transplantation. *See Vaden v. Discover Bank*, 129 S. Ct. 1262, 1273 (2009) ("A complaint purporting to rest on state law, we have recognized, can be recharacterized as one "arising under" federal law if the law governing the complaint is exclusively federal"). In sum, CORE contends that any lawsuit involving organ transplantation must necessarily arise under federal law. Plaintiffs contend that NOTA has not completely preempted the field of state negligence actions relating to organ donation. Plaintiffs further contend that this case could not have arisen under federal law because there is no federal private right of action in NOTA or the implementing regulations.

---

[1] "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003). Plaintiff is entitled to be the master of his/her own claim(s).

The Supreme Court has wrestled, in several recent cases, to articulate a principled basis for determining when a case raises such substantial federal questions that it may fairly be said to arise under federal law, and thus, be removed to federal court.  In *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804 (1986), the Court held that a negligence action based on the theory that the drug manufacturer had violated a federal statute was not removable.  The Court explained:

> the congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently "substantial" to confer federal-question jurisdiction.

*Id.* at 814.  The *Merrell Dow* Court found the "powerful federal interest" in insuring a uniform interpretation of the federal law to be unavailing.

CORE seeks to overcome *Merrell Dow* by citation to *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.,* 545 U.S. 308, 312 (2005), in which the Supreme Court held that a quiet title action which alleged that the IRS had given inadequate notice of sale would not upset the federal-state balance and *was* removable.  The *Grable* Court framed the removal jurisdiction question as follows:  "[T]he question is, does a state law claim necessarily raise a stated federal issue [that is] actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.*  The Court then explained that the absence of a federal remedy was an important, but not dispositive, factor in the removal analysis:

> *Merrell Dow* should be read in its entirety as treating the absence of a federal private right of action as evidence relevant to, but not dispositive of, the "sensitive judgments about congressional intent" that § 1331 requires. The absence of any federal cause of action affected *Merrell Dow's* result two ways. The Court saw the fact as worth some consideration in the assessment of substantiality. But its primary importance emerged when the Court treated the combination of no federal

> cause of action and no preemption of state remedies for misbranding as an important clue to Congress's conception of the scope of jurisdiction to be exercised under § 1331. The Court saw the missing cause of action not as a missing federal door key, always required, but as a missing welcome mat, required in the circumstances, when exercising federal jurisdiction over a state misbranding action would have attracted a horde of original filings and removal cases raising other state claims with embedded federal issues. For if the federal labeling standard without a federal cause of action could get a state claim into federal court, so could any other federal standard without a federal cause of action. And that would have meant a tremendous number of cases.

*Id.* However, the Supreme Court has subsequently explained that *Grable* represents a "slim category" of cases and was removable because the only contested issue involved the interpretation of federal statute. *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699-700 (2006) (subrogation claim by insurer of federal employees not removable).

In *Bennett v. Southwest Airlines Co.*, 484 F.3d 907 (7th Cir. 2007), the Court of Appeals discussed the *Merrell Dow, Grable,* and *Empire Healthchoice* trilogy of cases and synthesized the following rule: a case is not removable if it involves a fact-specific application of rules that come from both federal and state law – rather, a case is removable only if it presents a context-free inquiry into the meaning of a federal law. The *Bennett* Court reasoned that national regulation of air travel does not mean that a tort claim in the wake of a crash arises under federal law and held that such a case is not removable. *Id.* at 912 (citing *Abdullah v. American Airlines, Inc.*, 181 F.3d 363, 375-76 (3d Cir. 1999) (concluding that federal law preempted standards for aviation safety but that "[f]ederal preemption of the standards of care can coexist with state and territorial tort remedies.")

Applying these principles, the Court concludes that this case does not arise under federal law. This case does not fit within the slim *Grable* category because it does not involve a pure issue of federal law, but rather, will be specific fact intensive. As Plaintiffs point out, the alleged

5

"substantial and disputed federal issue" is quite attenuated, as the policies at issue were promulgated by a private, non-profit entity. Moreover, the gravamen of the case does not appear to involve a direct challenge to, or require interpretation of, the applicable policies. Instead, Plaintiffs allege that CORE failed to properly follow and implement the existing policies. There is no federal private right of action and NOTA contains no indication that it was intended to displace state tort law. In summary, even assuming, arguendo, the existence of substantial federal regulation and preemption of state standards of care for organ transplantation, the tort claims in this case do not arise under federal law. Accordingly, removal is not proper under Section 1441.

      B.      Removal Pursuant to Section 1442(a)(1)

Additionally, CORE contends that removal is proper on the basis that it is a federal agency or officer, or acting under a federal officer, because its activities were subject to strict and expansive federal oversight. The applicable removal statute, 28 U.S.C. § 1442(a)(1), states:

> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

This argument does not warrant an extended discussion. As Plaintiffs correctly point out, CORE is "three degrees removed" from being a federal officer or agency. The NOTA statute expressly states that the Organ Procurement and Transportation Network is to be a "private, nonprofit entity." 42 U.S.C. § 274(b)(1)(A). UNOS, the relevant OPTN, is a private entity. CORE is also a private entity. These two private entities have entered into a contractual agreement. Although NOTA recites a federal interest in organ transplantation, CORE did not

enter into any contract with the federal government.

Moreover, in *Watson v. Philip Morris Companies*, 551 U.S. 142 (2007) (rejecting attempted removal by tobacco company), the Supreme Court forcefully and unanimously rejected CORE's "acting under" argument. The Court held that "federal agency" removal could not be premised on compliance with comprehensive federal regulations – "even if the private firm's activities are highly supervised and monitored." *Id.* at 153. In reaching this conclusion, the Supreme Court distinguished the "military contractor" cases relied upon by CORE. The Court recognized the more expansive interpretation given to this removal statute, but explained that to trigger the right to remove a case, the private entity must actually assist, or help to carry out, the duties of the federal supervisor. *Id.* at 152. This case, like *Watson*, involves mere "regulation" of CORE's activities and not the type of "delegation" of authority that would justify removal. *Id.* at 157. In summary, removal of this case is not authorized pursuant to 28 U.S.C. § 1442(a)(1).

Conclusion

Because removal was not proper under the facts and circumstances of this matter, this Court lacks jurisdiction over this case and Plaintiffs' Motion to Remand will be **GRANTED**. This area of law is somewhat murky and both sides have presented well-reasoned, good faith arguments in support of their respective positions. Even though the Court agrees with Plaintiffs that removal was not proper, the request for sanctions will be **DENIED**.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAY DRAPER and VIRGINIA DRAPER Co-Administrators of the Estate of Jeffrey D. Draper, deceased, on behalf of the Estate of Jeffrey D. Draper, <br>            Plaintiffs, <br><br> v <br><br> THE CENTER FOR ORGAN RECOVERY AND EDUCATION, <br>            Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) )  2:10-cv-181 |

## ORDER OF COURT

AND NOW this 8th day of April, 2010, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED AND DECREED that PLAINTIFFS' MOTION TO REMAND TO STATE COURT AND FOR ATTORNEYS' FEES AND COSTS (Document No. 9) is **GRANTED IN PART AND DENIED IN PART.**  Plaintiffs' Motion to Remand is **GRANTED** and this case shall be remanded forthwith to the Court of Common Pleas of Allegheny County, Pennsylvania.  Plaintiffs' Motion for Attorneys' Fees and Costs is **DENIED**.  The clerk shall docket this case closed.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Jason E. Matzus, Esquire
Marcus and Mack
57 South Sixth Street
P. O. Box 1107
Indiana, PA 15701

Amanda R. Lusk, Esquire
Email: amanda.lusk@klgates.com
H. Woodruff Turner, Esquire
Email: woodruff.turner@klgates.com
Jeremy A. Mercer, Esquire
Email: jeremy.mercer@klgates.com